UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

                                                                                                                                                              98 Crim. 927

    - against -                                                            OPINION

RAY ANTHONY RAMIREZ,

                Defendant.

------------------------------------------X

A P P E A R A N C E S:

    <u>Pro Se</u>

    Ray A. Ramirez
    United States Penitentiary
    P.O. Box 1000
    Lewisburg, PA  17837

    <u>Attorney for the Government</u>

    PREET BHARARA
    United States Attorney for the
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    By:  Timothy D. Sini, Esq.

1-3-12

**Sweet, D.J.**

The defendant Ray Anthony Ramirez ("Ramirez" or the "Defendant") has filed a motion for a writ of error coram nobis or audita querela, contending that the sentence he is currently serving of 48 years' imprisonment is illegal and that a new sentence should be imposed. Based upon the conclusions set forth below, the Defendant's motion is denied.

**Prior Proceedings**

On August 20, 1998, Indictment 98 Cr. 927 (RWS) was filed in the Southern District of New York, charging Ramirez with various crimes pertaining to a racketeering enterprise. On March 20, 2000, the Government filed a five-count Superseding Information, S2 98 Cr. 927 (RWS). That same day, Ramirez pled guilty to all five counts. The first and second counts charged conspiracy to commit murder in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959. The third count charged conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The fourth and fifth counts charged use of a communication facility in commission of a drug offense in violation of 21 U.S.C. § 843.

1

On June 2, 2000, the Court issued a sentencing opinion setting forth the sentence mandated by the United States Sentencing Commission Guidelines Manual. See United States v. Ramirez, No. 98CR.927(RWS), 2000 WL 713062 (S.D.N.Y. June 2, 2000). The Court found that Ramirez' total offense level was 50 and, because he had no prior criminal record, his criminal history category was I. The Guidelines provided for a sentence of life imprisonment. However, pursuant to 18 U.S.C. § 1959, the statutory maximum term of imprisonment for each of Counts One and Two was ten years; pursuant to 21 U.S.C. § 841(b)(1)(C), the statutory maximum term for Count Three was twenty years; and, pursuant to 21 U.S.C. § 843, the statutory maximum term of imprisonment for each of Counts Four and Five was four years. Because the Guidelines sentencing range exceeded the combined statutory maximum sentence of 48 years, the sentence to be imposed under § 5G1.1(a) of the Guidelines was calculated to be 48 years. Because the sentence imposed on the count carrying the highest statutory maximum was less than the total punishment, the sentences to be imposed on each of Counts One, Two, Three, Four and Five were required to run consecutively, pursuant to § 5G1.2(d) of the Guidelines. The sentencing

opinion stated that the Defendant's sentence was subject to modification at the Defendant's sentencing.

On June 6, 2000, in accordance with the sentencing opinion, the Court sentenced the defendant to a total of 48 years' imprisonment, to be followed by a three year term of supervised release and a mandatory special assessment of $500.

On December 7, 2010, the Court received Ramirez' motion for a writ of error coram nobis or audita querela. The motion was marked fully submitted on December 9, 2011.

**The Applicable Standard**

As Ramirez is pro se, his petition will be construed liberally. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a pro se plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The ancient writ of error coram nobis is an extraordinary remedy which invokes the district court's "power

to vacate its judgment of conviction and sentence after the expiration of the full term of service." United States v. Morgan, 346 U.S. 502, 503, 74 S.Ct. 247, 98 L.Ed. 248 (1954); see United States v. Qiao, Nos. 07 Civ. 3727(SHS), 98 Cr. 1484(SHS), 2007 WL 4105813, at *1 (S.D.N.Y. Nov. 15, 2007). Authorized by the All Writs Act, 28 U.S.C. § 1651(a), the writ of coram nobis is "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer servicing a sentence." Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). To obtain coram nobis relief, a petitioner must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ." Fleming, 146 F.3d at 90 (citing Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996). Coram nobis is not a substitute for appeal, and relief under the writ is

4

strictly limited to those cases in which "errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont, 93 F.3d at 78 (internal citations and quotation marks omitted); see also Frank v. United States, 175 F.3d 1007, at *2 (2d Cir. 1999). "In reviewing a petition for the writ, a federal court must presume the proceedings were correct. The burden of showing otherwise rests on the petitioner." Fleming, 146 F.3d at 90; Foont, 93 F.3d at 78-79.

The writ of audita querela is a rarely invoked writ, "available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991). Audita querela cannot be used to circumvent the timely filing of a section 2255 petition. See United States v. Sanchez, No. 03 Cr. 965(SHS), 2010 WL 5222131, at *2 (S.D.N.Y. Dec. 22, 2010). The writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (quoting United States v. Valdez-Pancheco,

237 F.3d 1077, 1079 (9th Cir. 2001)). A sentence cannot be challenged using a writ of audita querela when there are alternative avenues of collateral attack available. See Richter, 510 F.3d at 104 ("We have previously indicated that a writ of audita querela might be deemed available if its existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244. . . . In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie.") (citations omitted).

**The Defendant's Motion For A Writ Of Coram Nobis Or Audita Querela Is Denied**

Ramirez contends that he should be granted relief because his current sentence of 48 years' imprisonment is illegal and relief is unavailable under 28 U.S.C. § 2255. The Defendant states that his sentence is illegal for two reasons: first, because the Court imposed a 48 year sentence when the maximum statutory sentence on each count was no more than twenty years; and second, because the Court failed to impose a separate sentence on each of the five counts.

Ramirez notes that the statutory maximum sentences on each of the five counts to which he pled guilty were twenty years or less. Accordingly, the Defendant contends that a sentence of 48 years was not legally authorized. Furthermore, Ramirez states that, in imposing the sentence, the Court did not specify the individual counts of conviction. Citing Gorman v. United States, 456 F.2d 1258, 1259-60 (2d Cir. 1972), for the proposition that "a sentence on each count [is] necessary so that [the defendant] would be provided a final appealable judgment on his convictions," Ramirez contends that his sentence is an illegal "general sentence."

With respect to his request for a writ of coram nobis, Ramirez has not satisfied his burden establishing that the writ should be issued. First, Ramirez' request is procedurally barred because he is still in custody. See Fleming, 146 F.3d at 89-90 ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody . . ."); United States v. Henry, 205 F.3d 1325, at *1 (2d Cir. 2000) ("Henry is still serving his 151-month sentence for the challenged conviction. Therefore, on the face of the petition, he is barred from seeking coram nobis relief."); Sanchez, 2010 WL 5222131, at *2

7

("Most importantly, because Sanchez is still in custody, the writ [of coram nobis] is unavailable to him.")

Additionally, the Defendant has failed to present facts demonstrating why the writ is appropriate in this case. Ramirez was sentenced on June 6, 2000, and, accordingly, the one-year period of limitation for Ramirez to file a habeas motion under 28 U.S.C. § 2255 lapsed on June 6, 2001. See 28 U.S.C. § 2255(f)(1). Ramirez has not explained why he failed to seek appropriate relief earlier, either through direct appeal or through a habeas motion under 28 U.S.C. § 2255, nor has he justified the more than ten-year delay between the time of his request and his sentencing in June 2000. See Fleming, 146 F.3d at 90 ("[T]o obtain coram nobis relief a petitioner must demonstrate that . . . sound reasons exist for failure to seek appropriate earlier relief"). Furthermore, the Defendant has not alleged facts sufficient to show that "errors of the most fundamental character" rendered his underlying guilty plea and conviction "irregular and invalid." See Foont, 93 F.3d at 78. To the contrary, Ramirez has not identified any errors in the manner by which the Court imposed sentence, as the Court's sentencing opinion described how the Guidelines mandated that the Defendant receive the statutory maximum on each count with

sentences running consecutively. See Ramirez, 2000 WL 713062, at *1. Accordingly, the Defendant's motion for a writ of coram nobis is denied.

Ramirez' request for a writ of audita querela is also denied. As noted above, a sentence cannot be challenged by way of a petition for a writ of audita querela when there were available avenues of collateral attack. Here, Ramirez has not shown any reason for his failure to file a direct appeal or a timely motion under 28 U.S.C. § 2255. See Sanchez, 2010 WL 5222131, at *2 (denying Sanchez' motion for a writ of audita querela because, inter alia, "[i]n this case, there is no indication that Sanchez could not have sought redress pursuant to section 2255 within the permissible time period."). Because the Defendant did not pursue the post-trial relief mechanisms available to him, he may not avail himself of the limited writ of audita querela. Additionally, as described above, Ramirez has failed to present any evidence of error in the Court's imposition of sentence. As such, his motion seeking a writ of audita querela is denied.

**Conclusion**

Based on the conclusions set forth above, the Defendant's motion for a writ of error coram nobis or audita querela is denied.

It is so ordered.

**New York, NY**
**December 21, 2011**

_____
ROBERT W. SWEET
U.S.D.J.