UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

RAY ANTHONY RAMIREZ,

                                   Petitioner,

- against -

UNITED STATES OF AMERICA,

                                   Respondent.

------------------------------------------X

98 Crim. 927

OPINION

A P P E A R A N C E S:

    Pro Se

    Ray A. Ramirez
    United States Penitentiary
    P.O. Box 1000
    Lewisburg, PA  17837

    Attorney for the Government

    PREET BHARARA
    United States Attorney for the
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    By:  Timothy D. Sini, Esq.

**Sweet, D.J.**

The petitioner Ray Anthony Ramirez ("Ramirez" or the "Petitioner") has filed a motion for reconsideration of the Court's opinion filed January 3, 2012 (the "January 3 Opinion"), see United States v. Ramirez, No. 98 Cr. 927, 2012 WL 11280 (S.D.N.Y. Jan. 3, 2012), which denied the Petitioner's request for a writ of error coram nobis or audita querela. The Petitioner's motion for reconsideration was filed on January 25, 2012, and it was considered fully submitted on February 22, 2012.

For the following reasons, the Petitioner's motion for reconsideration is denied.

**The Applicable Standard**

The Petitioner requests reconsideration of the January 3 Opinion pursuant to Fed. R. Civ. P. 59(e). Under Fed. R. Civ. P. 59(e), a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

1

Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. Dist. Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Rule 6.3, which governs motions for reconsideration or reargument, so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec. Derivative and ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations and quotation marks omitted). Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

As Ramirez is pro se, his petition will be construed liberally. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a pro se plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

**The Petitioner's Motion For Reconsideration Is Denied**

On December 7, 2010, the Court received the Petitioner's motion seeking relief in the form of a writ of error audita querela and coram nobis. In his motion, Ramirez stated that his sentence of 48 years' imprisonment was illegal for two reasons: first, because the Court imposed a sentence of

4

48 years' imprisonment when the maximum statutory sentence on each count was no more than 20 years' imprisonment; and second, because the Court failed to impose a separate sentence on each of the five counts. On December 9, 2011, the Government filed an opposition to the Petitioner's motion. On January 3, 2012, the Court issued the January 3 Opinion, which denied the Petitioner's motion. Thereafter, the Court received the Petitioner's reply to the Government's December 9, 2011 opposition. The reply, which was filed January 5, 2012, reincorporates the arguments that Ramirez made in his initial motion papers.

In his motion for reconsideration, the Petitioner requests that Ramirez reply papers be re-alleged and incorporated and alleges that the Court adopted the Government's position without evaluating the specific facts of the case. Ramirez also contends that the Court "overlooked the fact that Ramirez' right to appeal and his section 2255 motion was barred by the waiver in his plea agreement; and more importantly, the court overlooked all the controlling law in that area. (i.e., contract law)."

The Court's January 3 Opinion noted that, with respect to the Petitioner's request for a writ of coram nobis, Ramirez' motion was procedurally barred because he is still in custody. See Ramirez, 2012 WL 11280, at *3 (citing Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."); United States v. Henry, 205 F.3d 1325, at *1 (2d Cir. 2000) ("Henry is still serving his 151-month sentence for the challenged conviction. Therefore, on the face of the petition, he is barred from seeking coram nobis relief."); United States v. Sanchez, No. 03 Cr. 965(SHS), 2010 WL 5222131, at *2 (S.D.N.Y. Dec. 22, 2010) ("Most importantly, because Sanchez is still in custody, the writ [of coram nobis] is unavailable to him.")). The Petitioner's motion for reconsideration does not highlight any facts or raise any overlooked legal principles that would render invalid the Court's conclusion regarding the Petitioner's request for a writ of coram nobis.

With respect to Ramirez request for a writ of audita querela, the January 3 Opinion noted that a sentence cannot be

6

challenged by way of a petition for a writ of audita querela when there were available avenues of collateral attack and held that Ramirez had not shown any reason for his failure to file a direct appeal or a timely motion under 28 U.S.C. § 2255. See Ramirez, 2012 WL 11280, at *4 (citing Sanchez, 2010 WL 5222131, at *2). In his motion for reconsideration, the Petitioner states that "the court overlooked the fact that Ramirez' right to appeal and his section 2255 motion was barred by the waiver in his plea agreement; and more importantly, the court overlooked all the controlling law in that area. (i.e., contract law)."

The fact that Ramirez waived his right to appeal or collaterally attack the judgment and, as a result, did not file a motion to vacate under 28 U.S.C. § 2255 does not validate his present request for a writ of audita querela. In Estrella v. United States, No. 11 Civ. 4639(JFK), 2011 WL 3667431 (S.D.N.Y. Aug. 22, 2011), the Court confronted a similar issue where a petitioner, who had waived his right to collaterally attack his sentence under 28 U.S.C. § 2255, filed a writ of audita querela, relying on two grounds for relief: (1) counsel was ineffective in advising him to plead guilty when he was actually innocent of the charges; and (2) his guilty plea was not knowing and

voluntary because counsel failed to advise him that, as an alien, his plea would make him subject to automatic deportation. See Estrella, 2011 WL 3667431, at *2. In evaluating the petitioner's request, the Court held:

> With respect to the first ground, Movant could have raised in a § 2255 motion his concerns about counsel's ineffective assistance in advising him to plead guilty notwithstanding his alleged innocence. See, e.g., Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (defendant's claim that "his attorney was ineffective in advising him to accept the plea agreement . . . survives the appeal waiver because . . . it connects the alleged ineffectiveness of [the] attorney with the voluntary nature of his plea"). A writ of audita querela will not lie for his ineffective assistance of counsel claim because this claim could have been brought in a § 2255 motion.

Estrella, 2011 WL 3667431, at *2.[1] Accordingly, the fact that the Petitioner waived his right to appeal or collaterally attack his sentence does not change the fact that a writ of audita querela cannot lie if the Petitioner's claim could have been brought in a § 2255 motion.

---

[1] With respect to the second ground, the Court recognized the petitioner's claim to be based on the Supreme Court's recent decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Setting aside the disputed issue of whether Padilla's holding applies retroactively, the Court held that the petitioner's application on the second ground should be deemed a motion under § 2255 given that it was filed within one year of Padilla being decided. See Estrella, 2011 WL 3667431, at *2.

8

"A motion to reconsider will not be granted unless the movant demonstrates that the court has overlooked controlling law or material facts." United States v. Kurtz, No. 98 Cr. 733 (BSJ), 1999 WL 349374, at *6 (S.D.N.Y. May 28, 1999). Because the Petitioner has failed to establish either controlling law or material facts that contradict the January 3 Opinion, the Petitioner's motion is denied.

**Conclusion**

Based on the conclusions set forth above, the Petitioner's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**March 6, 2012**

_____
ROBERT W. SWEET
U.S.D.J.